## Commonwealth v. Oberdorf

*Tammy M. Oberdorf*, pro se.

MYERS, *P.J.*, January 17, 1983 — In this case the Dog Law Enforcement Officer in the Borough of Danville arrested defendant without a warrant for an alleged violation of the Dog Law of 1965, as amended (3 P.S. §460 - 501). The enforcement officer issued a citation, after which hearing was held before a district justice. Defendant was found guilty of violating the Dog Law by harboring a vicious dog that attacked a Danville Borough Police Officer.

Defendant appealed the summary conviction and hearing was held before this court, at which time neither side was represented by counsel. Following hearing this court has raised, on its own motion, the issue of whether or not a Dog Law Enforcement Officer has the power or authority to arrest an alleged violator without a warrant and to issue a citation in the course of his duties. We conclude that a Dog Law Enforcement Officer has no such power or authority.

Enforcement of the provisions of the Dog Law of 1965 is vested in police officers which, for purposes of the act, shall mean any person employed or elect-

ed by this Commonwealth, or by any municipality, county or township, and whose duty it is to preserve peace or to make arrests or to enforce the law." The term includes State constabulatory, game, fish and forest wardens. (3 P.S. §460 - 102 (7). The Secretary of Agriculture, through his officers and agents, shall be charged with general enforcement of the Dog Law. Among the powers provided to enforcement officers under the act are the authority to enter upon the premises of any persons for purposes of investigation and to seize and detain any dog which is found running at large.

The power to initiate proceedings in summary cases is governed by Rule 51 of the Pennsylvania Rules of Criminal Procedure. For purposes of that Rule "a police officer shall be limited to a person who has by law been given the powers of a police officer when acting within the scope of his employment. Those persons not included within the definition of police officer under this rule may institute proceedings only by filing a private complaint with the issuing authority pursuant to Rule 51 A (4).

Our research indicates that Dog Law enforcement officers were considered to be private complainants for purposes of initiating criminal proceedings in an opinion of the Attorney General of Pennsylvania. 1974 Op. Atty. General No. 26. This conclusion was reached on the basis of an interpretation of Pa. R. Crim. P. 51 and the comments thereto effective January 1, 1974. Subsequently, the rule has undergone several amendments. The basic issue then is whether these amendments and comments express an intention to expand the definition of police officer to include Dog Law enforcement officers.

The comments to the rule state that the definition of police officer in Section C includes county detec-

tives (formerly excluded) and also includes various law enforcement agents (such as building inspectors and other municipal code enforcement officials, truant officers, S.P.C.A. agents). The commentary further indicates that the rule is not intended to give powers of arrest to any person who does not otherwise by law possess such powers; nor is it intended to expand a person's power of arrest to apply to circumstances in which he does not otherwise by law possess such power; nor is this rule intended in any other way to expand powers of arrest beyond what they have been heretofore.

The inclusion in the comments of S.P.C.A. agents (considered to be private complainants under the Attorney General Opinion) does not mandate inclusion of Dog Law Enforcement Officers. As noted in the comments to Rule 51, a determination as to whether specific officials are police officers under Section C requires a careful examination of statutory law. In contrast to the general enforcement powers of Dog Law Enforcement Officers (noted above) S.P.C.A. agents are granted authority to arrest on view and bring before a justice of the peace any offender found violating the provisions of the Cruelty to Animals Act. 18 Pa. C.S.A. §5511. In our view, the Criminal Procedural Rules Committee included these agents, not as part of a general expansion of those included as police officers, but rather to eliminate the dichotomy whereby humane agents may apprehend suspects under the Crimes Code but must proceed as a private complainant in bringing charges.

S.P.C.A. agents have the power to arrest in certain instances. Dog Law Enforcement officers have not had that power. As noted above, the commentary to the rule states that the rule is not intended to

expand powers of arrest beyond their previous scope.

Thus, we conclude that a Dog Law Enforcement Officer does not have the power or authority to arrest without a warrant or issue a citation in the course of his duties.

## ORDER OF COURT

And now, January 17, 1983, after hearing held, we conclude that the within arrest by the Dog Enforcement Officer was invalid, and accordingly we find defendant not guilty. Costs to be paid by the County of Montour.